# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2012

No. 11-30865
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CEDRICK D. SAULSBERRY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CR-290-1

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Cedrick Saulsberry was convicted by a jury of possession with intent to distribute powder cocaine, crack cocaine, and marijuana in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). He was sentenced to 65 months of imprisonment on the drug counts, to run concurrently, and 60 months on the firearms count to run consecutively.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Saulsberry argues that the evidence is devoid of anything proving that he actually or constructively possessed any of the drugs. He contends that he was merely present at the home of his mother, Ms. Green, when law enforcement searched the residence and found drugs, paraphernalia, and guns. He states that most of the drugs were found in a room that was formerly his bedroom when he was growing up. He argues that his convictions for possession with intent to distribute these various drugs, and aiding and abetting, therefore should be reversed. Because Saulsberry did not move for a judgment of acquittal, we review his sufficiency claim for "a manifest miscarriage of justice," which is found if the record is "devoid of evidence pointing to guilt." *See United States v. Miller*, 576 F.3d 528, 529-30 (5th Cir. 2009) (internal quotation marks and citation omitted).

Possession of a controlled substance can be actual or constructive, and may be proved by circumstantial evidence. *See United States v. Galvan-Garcia*, 872 F.2d 638, 640 (5th Cir. 1989). "This Court has defined constructive possession as ownership, dominion, or control over the contraband, or as dominion over the premises in which the contraband is found." *United States v. Hinojosa*, 349 F.3d 200, 203 (5th Cir. 2003) (citations omitted).

Saulsberry was found guilty of possessing with the intent to distribute powder cocaine, crack cocaine, and marijuana. The drugs were found at 709 Sixth Street, the address he used for his cellular phone and loan collection bills. Saulsberry was living in and working in the house where the drugs and drug paraphernalia were found. The drugs, men's clothing, and mail addressed to Saulsberry were found in the bedroom and closet. He admitted that the room was his room. He also used one of the other bedrooms in the house as his barbershop. A set of digital scales of the type used to weigh drugs was found in his barbershop. The drugs were not merely found in the home of another but were found in Saulsberry's mother's home where he resided and worked. The

drugs and drug paraphernalia were found in Saulsberry's bedroom and closet and in the room he used as his barbershop.

In an attempt to prove that he did not live at this house, Saulsberry presented testimony that he lived with his girlfriend, DeAnna Dickerson, at her apartment and sometimes with another woman when he and Dickerson argued. The jury could disregard this testimony for several reasons. First, Saulsberry admitted that the room in his mother's home was his room. Second, the room contained men's clothing and mail addressed to Saulsberry at that address. Third, a search of Dickerson's apartment revealed no men's clothing nor any mail addressed to Saulsberry.

The record is not devoid of evidence showing that Saulsberry had constructive possession of the drugs due to his dominion and control over the places in the house where the drugs and paraphernalia were found, specifically the bedroom, the closet, and the barbershop. *See United States v. Arnold*, 467 F.3d 880, 883-84 (5th Cir. 2006).

Saulsberry argues that the record is devoid of evidence showing that he committed a drug trafficking offense, possessed any of the firearms, or possessed the firearms in furtherance of a drug trafficking offense. His arguments that there is no evidence that he committed a drug trafficking offense, and that there is no evidence that he had constructive possession of the firearms are without merit for the same reasons as discussed above in connection with the possession of the drugs. *See Arnold*, 467 F.3d at 884. Assuming arguendo that he had constructive possession of the drugs and firearms, Saulsberry argues that the record is devoid of evidence that he possessed the firearms in furtherance of a drug trafficking offense.

We have defined "furtherance" as "the act of furthering, advancing, or helping forward." *United States v. Ceballos-Torres*, 218 F.3d 409, 412 (5th Cir. 2000) (internal quotation marks and citation omitted). Having an accessible firearm may further drug trafficking by, inter alia, defending against robbery,

providing protection during a deal, and allowing the trafficker to defend his turf. *Id.* Mere presence of a firearm is not enough, however; there must be evidence specific to the defendant that the possession actually furthered the drug trafficking offense. *Id.* at 414. Factors courts consider include (1) the type of drug activity being conducted, (2) accessibility of the firearm, (3) the type of weapon, (4) whether the weapon is stolen, (5) whether the possession was legal or illegal, (6) whether the gun is loaded, (7) proximity to drugs or drug profits, and (8) the time and circumstances under which the gun is found. *Id.* at 414-15.

In Saulsberry's case, officers located a 12-gauge shotgun above Saulsberry's bedroom closet where a hole was cut or punched through the ceiling and the firearm was hidden in the rafters. Officers found a .380 semiautomatic pistol in Saulsberry's bedroom dresser, along with cocaine packaged in baggies for distribution, and they found a .22 bolt action rifle in the bedroom closet near two backpacks containing over two pounds of powder cocaine and a large bag of marijuana. Saulsberry notes that the handgun was inoperable. That fact "does not insulate the defendant from the reach of section 924(c)." *United States v. Coburn*, 876 F.2d 372, 375 (5th Cir. 1989). The Supreme Court has recognized that even "an unloaded firearm is a dangerous weapon capable of provoking a violent response." *Id.* (citing *McLaughlin v. United States*, 476 U.S. 16, 17-18 (1986)). All three weapons were accessible to Saulsberry and were possessed in his bedroom along with ammunition, a bullet-proof vest, and a substantial amount of drugs. The jury heard expert testimony that the drugs were packaged for distribution and that the quantity of drugs found was consistent with distribution and not for personal use. Expert testimony noted that the firearms, ammunition, and bullet-proof vest were consistent with firearm usage for drug trafficking. Saulsberry possessed three firearms that were kept in close proximity to the drugs and were easily accessible to him. The factors of the type of drug activity - distribution, accessibility, and proximity to the drugs support the conclusion that the record was not devoid of evidence that Saulsberry

No. 11-30865

possessed the firearms in furtherance of drug trafficking. *See Ceballos-Torres*, 218 F.3d at 415; *see also United States v. Nunez-Sanchez*, 478 F.3d 663, 669-70 (5th Cir. 2007) (holding that the evidence was sufficient to show that possession was in furtherance of drug trafficking where defendant had in his bedroom 172.6 grams of cocaine, small bags to facilitate distribution, over $2,000 in cash, and a semiautomatic rifle two feet from the drugs).

Saulsberry and the Government both address Saulsberry's conviction in terms of aiding and abetting under 18 U.S.C. § 2. Because we have determined that the record is not devoid of evidence to support his convictions as a principal, there is no need to separately address whether the evidence also supports his convictions as an aider and abetter.

AFFIRMED.