United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41744
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID HINOJOSA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
--------------------

Before HIGGINBOTHAM, STEWART and PRADO, Circuit Judges.

PRADO, Circuit Judge.

Following a jury trial, Appellant David Hinojosa was convicted on one count of being a felon in possession of 14 rounds of ammunition, in violation of 18 U.S.C. §§ 922 (g)(1) and 924 (a)(2). He raises three issues on appeal. In his first issue, he challenges the denial of his motion to suppress, in which he argued that the affidavit used to obtain a warrant to search his house did not establish probable cause. In his second issue, he argues that the government introduced insufficient evidence to show that he possessed the ammunition. In his third issue, Hinojosa argues that the district court erred in determining that he qualified as an "armed career criminal" under 18 U.S.C. §§ 924(e)(1).

*Factual Background*

In January 2002, federal agents obtained a warrant to search a house that Hinojosa shared with Linda Sorsby. When conducting

the search of the house, officers found fourteen rounds of ammunition in Hinojosa's and Sorsby's shared bedroom. Seven rounds were in a night stand, and seven rounds were in a safe. Hinojosa, who had three previous convictions, was charged with being a felon in possession of ammunition. After Hinojosa unsuccessfully challenged the warrant, the case proceeded to trial, after which a jury convicted him. The district judge, applying the Armed Career Criminal Act, sentenced Hinojosa to 235 months in prison and assessed a $15,000 fine.

*Motion to Suppress*

In the district court, Hinojosa filed a motion to suppress, arguing that the search warrant was invalid. In particular, he pointed to some factual errors in the warrant affidavit, and he also presented affidavits from two of the confidential informants whose testimony had been used as support for the warrant. In these new affidavits, the informants recanted their earlier testimony. According to Hinojosa, the errors and the new affidavits established that the warrant was not supported by probable cause and that the officer had not acted in good faith in obtaining the warrant. The district court denied Hinojosa's motion.

This Court uses a two-step process to review a district court's denial of a motion to suppress when that motion involves a search warrant. United States v. Cavazos, 288 F.3d 706, 709 (5th Cir. 2002). First, we determine whether the good faith exception to the exclusionary rule applies. Id. If this exception applies, we end our analysis and affirm the district court's ruling. Id. If the good faith exception does not apply, we proceed to the second

2

step and examine whether the magistrate had a substantial basis for finding probable cause. Id. Thus, we only examine probable cause if the good faith exception does not apply. United States v. Cherna, 184 F.3d 403, 407 (5th Cir. 1999).

Under the good faith exception, evidence obtained as a result of an officer's objectively reasonable reliance on a warrant is not suppressed, even if the warrant is later invalidated. Cherna, 184 F.3d at 407. Whether the officer's reliance was reasonable is a legal question that we review *de novo.* Cavazos,288 F.3d at 709.

Additionally, the good faith exception will not protect evidence obtained by a warrant when the warrant affidavit contained an intentional false statement or a statement that was made with reckless disregard for its truth. Cavazos, 288 F.3d at 709-10. The defendant challenging the warrant bears the burden of establishing these intentional or reckless false statements by a preponderance of the evidence. Id.

Although Hinojosa argues that the government agent's actions, when viewed in totality, establish a lack of good faith, his arguments are unpersuasive. At the hearing, Hinojosa failed to establish that any false statements were intentionally or recklessly made. Further, we conclude that reliance on the challenged warrant was objectively reasonable. Thus, we do not need to examine probable cause.

Accordingly, the good faith exception applies and the trial court properly denied Hinojosa's motion to suppress.

*Sufficiency of the Evidence*

Hinojosa also argues that the government introduced

3

insufficient evidence to prove that he possessed the ammunition. We review a challenge to the sufficiency of the evidence by examining whether a "reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt." United States v. Smith, 296 F.3d 344, 346 (5th Cir. 2002). In doing this, we must look at the evidence in the light most favorable to the verdict and make all reasonable inferences supporting the verdict. United States v. Alarcon, 261 F.3d 416, 421 (5th Cir. 2001).

Under 18 U.S.C. § 922(g)(1), the government must prove that the defendant was previously convicted of a felony, that he knowingly possessed ammunition, and that this ammunition traveled in or affected interstate commerce. United States v. De Leon, 170 F.3d 494, 497 (5th Cir. 1991). Possession of the ammunition may be actual or constructive. Id. Both parties agree that the government only attempted to prove constructive possession in this case.

This Court has defined constructive possession as ownership, dominion, or control over the contraband, or as dominion over the premises in which the contraband is found. United States v. Mergerson, 4 F.3d 337, 349 (5th Cir. 1993); De Leon, 170 F.3d at 497. Although a defendant's exclusive possession of a house may establish his dominion and control over contraband found there, his joint occupancy of a house will not, by itself, support the same conclusion. Mergerson, 4 F.3d at 349; see also United States v. Fields, 72 F.3d 1200, 1212 (5th Cir. 1996). Thus, in cases of joint occupancy, we will find constructive possession only when there is "some evidence supporting at least a plausible inference

4

that the defendant had knowledge of and access to" the illegal item.  Mergerson, 4 F.3d at 349.

At trial, the government presented evidence linking Hinojosa to the ammunition by showing that items belonging to Hinojosa were found in the same safe that contained seven rounds of the ammunition.  These items included a watch engraved with Hinojosa's initials, a knife with Hinojosa's name engraved on it, and a credit card with Hinojosa's name and the name of his business printed on it.  Thus, although some evidence suggested that the ammunition belonged to Linda Sorsby, who shared the bedroom with Hinojosa, other evidence connected Hinojosa with the ammunition.  Therefore, viewing the evidence in favor of the verdict, the evidence presented at trial supports a plausible inference that Hinojosa had knowledge of, and access to, the ammunition.

*Armed Career Criminal Status*

Hinojosa also argues that the district court improperly enhanced his sentence under USSG § 4B1.4(b)(3)(B), which implements the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e).  We review a district court's application and interpretation of the Sentencing Guidelines *de novo* and its findings of facts for clear error. United States v. Yanez-Huerta, 207 F.3d 746, 747 (5th Cir. 2000).

ACCA imposes a mandatory minimum fifteen-year sentence on a defendant who has been convicted under the felon-in-possession-of-a-firearm statute (§922(g)) and who has three previous convictions for a violent felony or a serious drug offense.  18 U.S.C. §924(e). The relevant definition of "serious drug offense" is:

an offense under State law, involving manufacturing,

5

distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C. §924(e)(2)(A)(ii)

In 1993, Hinojosa was convicted in state court for delivery of .84 grams of cocaine. At that time, the maximum sentence under Texas law for this crime was 99 years. Tex. Health & Safety Code § 481.106(a), repealed, Acts 1993, 73d Leg. ch. 900, §2.07, eff. Sept. 1, 1994. After Hinojosa's conviction, the law was amended, and it now provides a maximum sentence of two years imprisonment for delivery of less than one gram of cocaine. Tex. Penal Code § 12.35. Hinojosa argues that his 1993 state conviction for delivery of .84 grams of cocaine was not a "serious drug offense" because at the time of his federal sentencing the maximum state sentence for this offense was not at least 10 years, as required by §924(e)(2)(A)(ii).

Hinojosa relies on United States v. Morton, 17 F.3d 911 (6th Cir. 1994) as support for this argument. In Morton, as in this case, the state revised its drug laws between the time of the defendant's state convictions and his federal sentencing. Under the revised laws, Morton's convictions would be punishable by a maximum of six years imprisonment. Id. at 914. The court determined that ACCA's "prescribed by law" language was ambiguous because it did not specify a time period. Id. at 915. Based on this ambiguity and the rule of lenity, the Morton court concluded that courts should examine the maximum sentence for a previous conviction at the time of federal sentencing, not at the time of the conviction.

6

Id.

   This case is distinguishable from <u>Morton</u>, however. Texas' revised sentencing scheme specifically provides that the revised sentences do not apply to crimes committed before the effective date of the revisions. Section 2.08-09 Act of May 29, 1993, 73d Leg. ch. 900, §2.08,2.09, eff. Sept. 1, 1994, Tex. Gen. Laws 3714. Anyone who, like Hinojosa, delivered less than one gram of cocaine before the amendment would still receive the higher punishment. Thus, even under <u>Morton</u>, Hinojosa's previous convictions would be for "serious drug offenses" because if he were sentenced by the state court for those crimes today, he would still be subject to a maximum term of at least ten years.

   AFFIRMED.