United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51205
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES PHILLIP SMITH,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-03-CR-165-ALL-H
---------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Charles Phillip Smith has appealed his conviction and

sentence for possession of a firearm by a felon and possession of

cocaine base with intent to distribute.  Smith's motion to

"allow" his appointed attorney to withdraw is DENIED.  The motion

was not timely filed and it does not show that Smith has

unequivocally asserted a desire to represent himself on appeal.

United States v. Kizzee, 150 F.3d 497, 501 (5th Cir. 1998);

Rotolo v. United States, 404 F.2d 316, 317 (5th Cir. 1968).  The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government's motion to strike Smith's reply brief is likewise DENIED.

We find no abuse of discretion in the district court's denial of Smith's motion to continue the trial. See United States v. Olaniyi-Oke, 199 F.3d 767, 771 (5th Cir. 1999); United States v. Hughey, 147 F.3d 423, 431 (5th Cir. 1998). Smith's assertion that the district court abused its discretion by denying his motion to suppress as untimely is not well taken. The district court allowed Smith to contest the admissibility of his written confession outside the presence of the jury. Smith waived the issue whether the search and arrest warrants were supported by probable cause by failing to brief the issue in the district court or to raise it at trial.

We agree with Smith that the district court plainly erred by making an improper comment on the evidence. United States v. Sanchez, 325 F.3d 600, 603 (5th Cir. 2003). Nevertheless, the comment did not affect the fairness or integrity of Smith's trial. Id.; United States v. Hinojosa, 349 F.3d 200, 203-04 (5th Cir. 2003); see United States v. Olano, 507 U.S. 725, 732 (1993).

Smith's argument that his sentence should be vacated pursuant to Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 2531 (2004) is foreclosed by this court's recent opinion in United States v. Pineiro, ___ F.3d ___, No. 03-30437, 2004 WL 1543170, at *1 (5th Cir. July 12, 2004).

AFFIRMED.