In the
# United States Court of Appeals
## for the Fifth Circuit

———————————

m 03-51205

———————————

United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 31, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CHARLES PHILLIP SMITH,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Western District of Texas
m 4:03-CR-165-ALL-H

———————————————

Before DAVIS, SMITH, and DENNIS,
    Circuit Judges.

PER CURIAM:[*]

This court affirmed Charles Smith's conviction and sentence. *United States v. Smith*, 110 Fed. Appx. 380 (5th Cir. 2004) (per curiam). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *Smith v. United States*, 125 S. Ct. 1091 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.

Smith claims there is error under *Booker* because his sentencing guideline range was increased by attributing to him the sale of 340.2 grams of cocaine; he contends he was only bragging of such a sale and that he never actually sold such a quantity. He contends this is *Booker* error because the fact of the sale was found by the district court rather than being admitted to by Smith or found by a jury.

Although Smith did object to the court's inclusion of the 340.2 grams, he did not raise a Sixth Amendment objection or complain that the quantity must be decided by a jury if not admitted to by the defendant. Smith and the government correctly agree the plain error standard of review applies because Smith did not preserve a Sixth Amendment error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed* (Mar.

31, 2005) (No. 04-9517).

"An appellate court may not correct an error the defendant failed to raise in the district court unless there is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)). The government acknowledges that there is plain error, so the first two prongs are satisfied.

With regard to the third prong, under *Mares*, "the defendant rather than the government bears the burden of persuasion with respect to prejudice." *Mares*, 402 F.3d at 521 (citing *United States v. Olano*, 507 U.S. 725, 734 (1993)). To show that his substantial rights are affected, Smith must "point[] to . . . evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." *United States v. Taylor*, No. 03-10167, 2005 U.S. App. LEXIS 8701, at *4 (5th Cir. May 17, 2005) (per curiam) (citations omitted). In other words, "the pertinent question is whether [the defendant] demonstrated that the sentencing judgeSSsentencing under an advisory scheme rather than a mandatory oneSSwould have reached a significantly different result." *Mares*, 402 F.3d at 521.

Smith has presented nothing to satisfy that burden. Accordingly, the judgments of conviction and sentence are AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.