United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 9, 2006**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

m 04-41145

BRUCE GALEN EVERETT

Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
m 4:01-CV-324

Before SMITH, GARZA, and CLEMENT,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Bruce Everett appeals the denial of his 28 U.S.C. § 2255 motion to vacate, on the ground of ineffective assistance of counsel, his conviction of and sentence for being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). We affirm.

I.
A.

On October 23, 1998, police in Plano, Texas, received a call from JoAnna Everett regarding a domestic disturbance at her house. When the police, including Officer Jeff Rich, arrived, they found Mrs. Everett in her front

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

yard, frantic and obviously upset. She told the officers that her husband, Bruce, was acting in a violent and paranoid manner and that she feared he was "reverting to his old ways," which, according to Mrs. Everett, included behavior resulting in a conviction for bank robbery.

With regard to the specific conduct that precipitated her call to the police, Mrs. Everett informed the officers that her husband had imprisoned her in the house by screwing the door shut, had thrown a vacuum cleaner through their television, and had pushed a five-gallon water bottle into her. An examination of the physical state of the home confirmed these claims. The police arrested Everett for family violence.

Mrs. Everett also told the officers that her husband kept a pistol and ammunition in the house. After Everett had been taken to the police station, Rich, in Mrs. Everett's presence and with her consent, searched a closet and chest of drawers in the master bedroom, looking for the pistol. Mrs. Everett identified the chest as belonging to her husband, and it was full of male clothing. In the top drawer Rich discovered loose rounds of ammunition.

Rich was contacted by Joe Patterson, a special agent with the Bureau of Alcohol, Tobacco, and Firearms. Based on what Rich told him about the search, Patterson sought and obtained a warrant to conduct a further search of the residence for firearms and ammunition. In executing the warrant, agents discovered the same loose ammunition that Rich had seen and three boxes of 9mm ammunition hidden in the bottom drawer of the same chest. No firearms were found.

Patterson arrested Everett on charges of being a felon in possession of ammunition in violation of federal law. While he was in the process of making the arrest, Everett said to Patterson, "[h]ypothetically, I didn't realize that a convicted felon couldn't possess ammunition."

B.

Everett was indicted on two counts of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1)SSone count for the loose ammunition, and one count for the three boxes of 9mm ammunition. To prove a violation of § 922(g)(1) the government must show that the defendant (1) is a convicted felon (2) who knowingly possessed ammunition and (3) that the ammunition traveled in or affected interstate commerce. *See United States v. Hinojosa*, 349 F.3d 200, 203 (5th Cir. 2003)

At trial, a stipulation, signed by Everett, was entered and read to the jury, stating that

[d]efendant Bruce Galen Everett was convicted in the Western District of Oklahoma on May 7, 1982, in cause No. CR-82-66T, for aggravated bank robbery, in violation of Title 18, United States Code, Sections 2113(a) and (d), and sentenced to twenty-five (25) years confinement.

Expert witnesses established that the ammunition found in Everett's chest of drawers had traveled in or affected interstate commerce.

On the only truly contested element, which was Everett's knowing possession of the ammunition, Rich and others testified as to the results of the two searches, the comments made by Mrs. Everett regarding her husband's past and his ownership of the ammunition, and the statement by Everett at the time of his arrest. Mrs. Everett testified for the defense. She recanted her prior statements regarding

2

the ownership of the ammunition and stated that the loose ammunition belonged to her and that the three boxes of ammunition belonged to Chris Odom, one of Everett's employees.[1] Mrs. Everett explained her prior inconsistent statements to the police by testifying that, at the time, she wanted her husband to be "locked up" because she was concerned about his mental health.

The jury convicted Everett on both counts, and Everett appealed. This court affirmed the conviction and sentence, upholding the admissibility of the statement Everett had made to Patterson at the time of his arrest and ruling that the evidence was sufficient. *See United States v. Everett*, 237 F.3d 631 (5th Cir. 2000) (table).

### C.

Everett filed a § 2255 motion to vacate, on the basis of several alleged constitutional errors, his conviction and sentence. He claimed, *inter alia*, ineffective assistance of counsel on the grounds that (1) his attorney allowed information regarding the nature of his past felony conviction to come in at trial, both via the stipulation and through witness testimony, and (2) his attorney encouraged him to waive his right to be physically present at his sentencing hearing, resulting in Everett's participating in the proceeding by video conference only.

The district court denied the § 2255 motion as to all claims. Proceeding *pro se*, Everett then applied to this court for a certificate of appealability, which we granted only with

---

[1] For testifying that he bought the 9mm ammunition for himself when he was buying cleaning supplies for Mrs. Everett, Odom was subsequently indicted and convicted on one count of aggravated perjury under 18 U.S.C. § 1623.

respect to his claim of ineffective assistance of counsel. Everett now appeals on the basis of that issue.

### II.

"We review a district court's conclusions with regard to a petitioner's § 2255 claim of ineffective assistance of counsel *de novo*. We review § 2255 findings of fact for clear error." *United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005) (internal quotation and footnote omitted).

Under *Strickland v. Washington*, 466 U.S. 668, 688 (1984), to establish a denial of his Sixth Amendment right to effective assistance of counsel, Everett "must show that counsel's representation fell below an objective standard of reasonableness." In addition, he must demonstrate that "the deficient performance prejudiced [his] defense." *Id*. at 687. Everett "bears the burden of proving both *Washington* prongs, and if one of the elements is determinative, we need not consider the other." *Gochicoa v. Johnson*, 238 F.3d 278, 285 (5th Cir. 2000).

In our examination of counsel's performance, we must make an effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Washington,* 466 U.S. at 689. Our review is highly deferential to the choices made by counsel. We employ a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. "To prevail on an ineffective assistance claim the defendant must argue more than mere sub-optimal trial tactics. Our role under § 2255 is not to audit decisions that are within the bounds of professional prudence." *Molina-Uribe*, 429 F.3d at 518.

3

To establish prejudice, Everett "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Washington*, 466 U.S. at 694. "It is not enough for [a defendant] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693.

### III.

Everett reasserts on appeal his argument that his attorney rendered ineffective assistance by allowing the circumstances surrounding his prior felony conviction to come in at trial and by encouraging him to waive his right to be physically present at sentencing. In assigning fault regarding the introduction of the circumstances of his prior conviction, Everett alleges specifically that his counsel erred by (1) encouraging him to sign the detailed stipulation, which notified the jury that Everett's conviction was for aggravated bank robbery and that his sentence was twenty-five years imprisonment; (2) eliciting from Mrs. Everett on direct examination her testimony that she told the police about Everett's bank robbery conviction because she knew it was illegal for him to possess ammunition and wanted him to be "locked up;" and (3) failing to object to references to the details of the prior conviction in the government's opening and closing arguments.

In *Old Chief v. United States*, 519 U.S. 172 (1997), the Court held that the details of a prior conviction can, in certain circumstances, be so unfairly prejudicial as to render them inadmissible under Federal Rule of Evidence 403. The Court explained:

In dealing with the specific problem raised by § 922(g)(1) and its prior-conviction ele-

ment, there can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant. That risk will vary from case to case . . . but will be substantial whenever the official record offered by the Government would be arresting enough to lure a juror into a sequence of bad character reasoning. Where a prior conviction was for a gun crime or one similar to other charges in a pending case the risk of unfair prejudice would be especially obvious . . . .

*Id*. at 185.

Everett contends, essentially, that by failing at least to try to prevent the jury from hearing that his prior conviction was for aggravated bank robbery, his counsel left him exposed to just such "bad character reasoning." Even assuming, without deciding, that his attorney's performance in this regard falls below an objective standard of reasonableness, Everett was not prejudiced by the error, because he has failed to show that but for the revelation of the nature of his prior conviction, the jury would have acquitted him.

The mere fact that Everett previously had been convicted of a felony was uncontested, and the movement of the relevant ammunition in interstate commerce was easily established. Furthermore, the jury had plenty of evidence pointing to Everett's ownership of the ammunition. Most notably, the officers found the ammunition in the Everetts' master bedroom, hidden in a chest of drawers containing men's clothing. Furthermore, despite prefacing the comment with "hypothetically," Everett's statement to Patterson at the time of his arrest indicated that the ammunition was his.

Finally, the jury was free to conclude that Mrs. Everett's statements to the police regard-

ing Everett's ownership of the ammunition, rather than her revised testimony at trial, more accurately reflected the truth of the matter. Given the strength of the government's case, we cannot say that it was the jury's possible "bad character" assessment, rather than its frank consideration of the evidence, that led to the conviction.

Likewise, there was no prejudice from Everett's physical absence from his sentencing hearing, even assuming, without deciding, that it was objectively unreasonable for his attorney to encourage him to waive his right to be present in the courtroom during the proceeding. In explaining that right to Everett in advance of the hearing, the district court stated explicitly that Everett would receive the same sentence irrespective of whether he chose to be physically present at the hearing. Everett has failed to demonstrate how his absence, contrary to the court's assurances, had any material effect on the sentence.

Because Everett was not prejudiced by any errors trial counsel may have made, we AFFIRM the denial of his § 2255 motion.