# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2007

Charles R. Fulbruge III
Clerk

No. 06-51532
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HERMINIO CAPULIN-DE LA CRUZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-382-1

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Herminio Capulin-De La Cruz (Capulin) appeals his jury conviction for possession with intent to distribute more than 100 kilograms of marijuana and importation of more than 100 kilograms of marijuana in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B) and 21 U.S.C. § 846.  Capulin argues that the evidence is insufficient to establish beyond a reasonable doubt that he committed either offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government presented no evidence that Capulin had actual possession of the marijuana. Therefore, in order to find Capulin guilty of possession with intent to distribute marijuana and importation of marijuana, there must be some evidence to support "at least a plausible inference" that Capulin had some knowledge of and access to the marijuana. See United States v. Hinojosa, 349 F.3d 200, 203-04 (5th Cir. 2003).

A review of the record indicates that a reasonable trier of fact could have plausibly inferred that Capulin knew that the individuals with whom he crossed into the United States were transporting marijuana; that Capulin had access to the marijuana; and that Capulin knowingly participated in bringing the marijuana into the United States. The jury heard testimony from one of the smugglers that Capulin was the group's guide. The jury also heard Border Patrol agents testify that Capulin admitted he was traveling with the group, admitted he knew that the group was carrying marijuana, and admitted he was carrying food for the group. Based on Capulin's own testimony, it was clear that the group he was traveling with was the same group that Border Patrol agents observed crossing the Rio Grande river from Mexico into the United States with numerous duffel bags. Capulin described how he and the group brought the duffel bags across the river by boat. The duffel bags Capulin's group transported across the Rio Grande were the same bags seized by Border Patrol agents and which contained more than 290 kilograms of marijuana.

Based on the record, a reasonable trier of fact could have found that the evidence established beyond a reasonable doubt that Capulin constructively possessed more than 100 kilograms of marijuana with the intent to distribute it and knowingly participated in its importation. See Jackson v. Virginia, 443 U.S. 307, 319; United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000). Accordingly, Capulin's conviction is AFFIRMED.