# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-51099
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

T J SMITH, III

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CR-688-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

T.J. Smith, III, appeals his jury conviction and resulting 240-month sentence for possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base. Smith asserts that there was insufficient evidence to establish that he possessed the cocaine base.

After considering the evidence in the light most favorable to the Government, we conclude that it was rational for the jury to find that the evidence was sufficient to establish beyond a reasonable doubt that Smith

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constructively possessed the cocaine base. See United States v. Mata, 491 F.3d 237, 242 (5th Cir. 2007); United States v. Lopez-Moreno, 420 F.3d 420, 437-438 (5th Cir. 2005). Trial testimony revealed that the cocaine base was found in a backpack in the bedroom closet of a hotel suite registered to Warren Farley. Also found in the bedroom were a closet full of brand new tennis shoes and clothes, some of which were in dry cleaner bags with the name T. J. Smith on one tag and the name T. Smith on another tag, and numerous other personal items such as a red mesh bag with identification tags indicating that the owner was T.J. Smith, III; photographs depicting Smith wearing a jersey identical to one hanging in the closet; a traffic citation issued to T.J. Smith, III; a personal letter addressed as follows: "T.J., keep this with you, and read it more than twice;" a copy of a birth certificate for T.J. Smith, III; a social security card issued to T.J. Smith, III; and a receipt for a wireless phone and service in the name T.J. Smith issued two days prior to the execution of the search warrant. Officers did not find any articles linking the bedroom to anyone other than Smith.

A search of the kitchenette revealed, among other things, a coffee cup containing traces of cocaine residue and Smith's fingerprints. In addition, members of the hotel housekeeping staff testified that they had seen Smith and others in the hotel suite on numerous occasions and that Smith had once opened the door and permitted them to enter. On the day of the search, Smith was seen approaching the suite and quickly retreating after observing the police activity. Smith was arrested a month later after a traffic stop and resulting search of his vehicle revealed cocaine and other drug paraphernalia.

Smith asserts that because the suite was registered to Farley and because others had been seen inside the suite, it is impossible to attribute the drugs in the backpack solely to him. However, there is no requirement that constructive possession be exclusive. See United States v. Patterson, 431 F.3d 832, 837 (5th Cir. 2005). The possibility that other people might have been in the suite at

some point does not negate the evidence demonstrating an "adequate nexus" between Smith and the cocaine found in the backpack. See United States v. Benbrook, 40 F.3d 88,94 (5th Cir. 1994). The presence of a plethora of important personal documents, clothing, shoes, and photographs belonging to Smith support the conclusion that Smith occupied the bedroom and exercised dominion and control over the premises. Based on the evidence, a rational jury could have found it plausible that Smith had knowledge of, and access to, the cocaine found in the backpack in the bedroom. See United States v. Hinojosa, 349 F.3d 200, 204 (5th Cir. 2003)

Accordingly, the judgment of the district court is AFFIRMED.