**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-50633
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARY CHRISTOPHER FELAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CR-282-1

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gary Christopher Felan appeals his conviction following a bench trial for aiding and abetting in the possession of cocaine with intent to distribute in violation of 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1) and (b)(1)(B). He challenges the sufficiency of the evidence to support his conviction.

The Government had to prove that Felan knowingly possessed the cocaine with the intent to distribute. *United States v. Mata*, 491 F.3d 237, 242 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2007). A defendant's intent to distribute may be inferred from the possession of a large quantity of the drug. *Ramos-Cardenas*, 524 F.3d at 605. Possession of narcotics may be "actual or constructive, may be joint among several defendants, and may be proven by direct or circumstantial evidence." *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008) (citation omitted). This court's definition of constructive possession includes dominion over the premises in which the contraband is found. *United States v. Hinojosa*, 349 F.3d 200, 203 (5th Cir. 2003) (citations omitted). In cases of joint occupancy, to prove constructive possession, there must be some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the illegal item. *Id.* at 204.

Felan argues that nothing connects him to the tote bag that contained the bulk of the cocaine, and he relies on evidence that his codefendant, Norma Bianca Puenta, occupied the apartment with him to support his argument that the evidence was insufficient to convict him. Constructive possession of a drug, however, need not be exclusive. *See United States v. Patterson*, 431 F.3d 832, 837 (5th Cir. 2005). Trial testimony established that men's clothing was in the closet where the cocaine was found and that personal documents bearing Felan's name were stored in the master bedroom where the closet was located. The bathroom containing the cocaine was part of the master bedroom. Thus, there is some evidence to support a plausible inference that Felan had knowledge of and access to the cocaine in the closet of the master bedroom and in the bathroom *See Hinojosa*, 349 F.3d at 204. This evidence, viewed in the light most favorable to the verdict, is sufficient to show that Felan constructively possessed the cocaine. *See United States v. Serna-Villarreal*, 352 F.3d 225, 234 (5th Cir. 2003).

AFFIRMED.