**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2012

No. 11-50404

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

CHRISTOPHER LEE FUENTES,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 5:09-CR-517-1

Before JONES, Chief Judge, and OWEN and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Christopher Lee Fuentes appeals his conviction and sentence after being convicted of being a felon in possession of a firearm. He argues that the statute under which he was convicted is unconstitutional because Congress did not have the power under the Commerce Clause to enact it. Fuentes also contends that the district court erred in applying a sentence enhancement after finding his crime involved three firearms. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50404

# I

The San Antonio Police Department received information regarding marijuana being sold at a residence in San Antonio. After conducting surveillance, the police obtained and executed a search warrant. As the officers entered the home, they observed Fuentes going into a back room. When an officer reached the back room, he observed Fuentes reaching under the bed. After detaining Fuentes, the officers found a semiautomatic rifle under the bed. They also seized a rifle from a front bedroom, which was occupied by Clayton Ainsworth at the time, and a handgun from a vehicle in front of the house. Fuentes admitted the handgun was his. The officers also seized a small amount of marijuana, two scales, a box of sandwich bags, and a black notebook entitled "Manifesto of the Almighty Latin Kings," among other items. Five other people were in the house at the time, including two other residents.

Fuentes was subsequently indicted on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1] The indictment charged Fuentes with possessing three firearms—the two rifles found in the house and the handgun found in the vehicle. At rearraignment, the government identified in its factual basis the three firearms found in the search, and Fuentes admitted that the facts set forth were true. However, when asked whether he was pleading guilty to the charge of possessing all three guns, Fuentes's counsel interjected and made clear that Fuentes was only pleading guilty to having possessed the semiautomatic rifle found under the bed and the handgun found in his car. His counsel made clear that the rifle in the front bedroom was in a

---

[1] 18 U.S.C. § 922(g)(1) ("It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition . . . .").

2

No. 11-50404

separate room and the home belonged to a different person. The district court accepted Fuentes's guilty plea.

A probation officer prepared a Presentence Investigation Report (PSR) and concluded that Fuentes's base offense level was 20 because he committed the offense after a felony conviction for a crime of violence.[2] Two points were added because the offense involved at least three firearms.[3] The probation officer also added two points for obstruction of justice and deducted no points for acceptance of responsibility because Fuentes absconded and failed to appear for his first sentencing hearing. Fuentes was credited with nine criminal history points, resulting in a criminal history category of IV.

Although Fuentes did not file written objections to the PSR, at sentencing he objected to the weapons enhancement, the obstruction of justice enhancement, and the failure to grant any reduction for acceptance of responsibility. The district court granted Fuentes credit for acceptance of responsibility and overruled his other objections, resulting in a Guidelines range of 57 to 71 months of imprisonment. The district court then stated:

> And should you exercise some right to appeal the overruling of the objections, which you may, then the Court makes alternative -- I think it's 3553 findings; that even if the guidelines should be 37 to 46 months, the Court is taking into account all of the facts and circumstances here, but in particular the fact that you spent four years in a state penitentiary and that didn't get the message across. And this Court's -- one of the factors this Court looks at is if four years is not enough, then we double it to eight. Well, I'm not going to double it, but it needs to be more than four that you spent before.

The court ultimately sentenced Fuentes to 60 months of imprisonment.

Fuentes appeals his conviction and sentence. He argues that the district court erred in overruling his objection to the weapons enhancement. He also

---

[2] U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(a)(4)(A) (2010).

[3] *Id.* § 2K2.1(b)(1)(A).

No. 11-50404

argues that 18 U.S.C. § 922(g)(1) is an unconstitutional exercise of Congress's power under the Commerce Clause, although he recognizes that this argument is foreclosed by our precedent. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## II

Fuentes first argues that the district court erred in finding that his crime involved three firearms and accordingly imposing a three-level sentence enhancement pursuant to U.S.S.G. § 2K2.1(b)(1)(A). He asserts that he did not have exclusive occupancy of the house and that the rifle was found in a bedroom that he did not occupy. He argues that there is no evidence that he had access to the bedroom in which this weapon was found or that he knew of its existence.

We use a bifurcated process in reviewing a sentence. First, we review the sentence for procedural reasonableness.[4] If a district court determines a sentence based on clearly erroneous facts, then it errs procedurally.[5] "Under this first step, 'we review the district court's interpretation or application of the sentencing guidelines *de novo*, and its factual findings for clear error.'"[6] If the sentence is procedurally sound, we then review the sentence for substantive reasonableness, applying an abuse-of-discretion standard.[7]

Fuentes's argument that the district court improperly calculated the Guidelines range by applying the two-level increase of § 2K2.1(b)(1)(A) is a challenge to the procedural reasonableness of his sentence.[8] The number of firearms involved is a question of fact, and we therefore review that

---

[4] *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011).

[5] *Id.* (quoting *United States v. Armstrong*, 550 F.3d 382, 404 (5th Cir. 2008)).

[6] *Id.* (quoting *United States v. Gutierrez-Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009)).

[7] *Id.* (citing *Gutierrez-Hernandez*, 581 F.3d at 254).

[8] *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764-65 (5th Cir. 2008).

No. 11-50404

determination for clear error.[9]  At sentencing, the Government must prove the number of firearms involved by a preponderance of the evidence.[10]

United States Sentencing Guidelines § 2K2.1(b)(1)(A) provides for a two-level increase in the offense level when an offense involves between three and seven firearms.  The comments make clear that when applying this guideline, the district court must count only the firearms that were unlawfully possessed.[11]  Possession may be actual or constructive.[12]  "Constructive possession is ownership, dominion, or control over the item itself, or control over the premises in which the item is concealed."[13]  Possession need not be exclusive—a firearm can be constructively possessed by more than one person.[14]  Joint occupancy alone, unlike exclusive occupancy, cannot establish dominion and control over an item found on the premises.[15]  In cases of joint occupancy, "we find constructive possession only where there is evidence supporting a plausible

---

[9] *See United States v. Longstreet*, 603 F.3d 273, 279 (5th Cir. 2010).

[10] *See United States v. Juarez*, 626 F.3d 246, 251 (5th Cir. 2010) ("The government must prove sentencing enhancements by a preponderance of the evidence.").

[11] U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(b)(1)(A) (2010) cmt. n.5 ("For purposes of calculating the number of firearms under subsection (b)(1), count only those firearms that were unlawfully sought to be obtained, unlawfully possessed, or unlawfully distributed, including any firearm that a defendant obtained or attempted to obtain by making a false statement to a licensed dealer."); *United States v. Houston*, 364 F.3d 243, 248 (5th Cir. 2004).

[12] *Houston*, 364 F.3d at 248 (citing *United States v. Mergerson*, 4 F.3d 337, 348 (5th Cir. 1993)).

[13] *Id.* (citing *Mergerson*, 4 F.3d at 349) (internal quotation marks omitted).

[14] *United States v. McKnight*, 953 F.2d 898, 901 (5th Cir. 1992) ("Constructive possession need not be exclusive, it may be joint with others, and it may be proven with circumstantial evidence.").

[15] *Houston*, 364 F.3d at 248 (citing *United States v. Hinojosa*, 349 F.3d 200, 203-04 (5th Cir. 2003)).

inference that the defendant had knowledge of, and access to, the item."[16]  In determining whether a defendant had constructive possession of a firearm, we have rejected the requirement of an affirmative link between the defendant and the weapon.[17]  Instead, we use a "commonsense, fact-specific approach" in determining whether there was constructive possession.[18]

On the record before us, we cannot say that the district court clearly erred in finding that Fuentes's offense "involved" three firearms.  The evidence supports a plausible inference that Fuentes had knowledge of and access to the rifle in the front bedroom.  The gun was leaning against the wall and in plain view, a factor we have previously deemed important in constructive possession cases.[19]  The police found Fuentes reaching for a gun under a bed, supporting his awareness of the location of firearms in the house. Fuentes was an admitted gang member, and it was not unreasonable to infer that a gang member was aware of and had access to weapons found in a house in which there was evidence of gang activity.  Furthermore, Fuentes made statements in his allocution in which he seemed to admit that he owned both guns in the house. He stated, "I had two guns in my house, you know, and they were for my protection. . . .  Two guns that I had didn't have no bullets."  All of this evidence

---

[16] *Id.* (citing *Hinojosa*, 349 F.3d at 204; *United States v. De Leon*, 170 F.3d 494, 498 (5th Cir. 1999)).

[17] *Mergerson*, 4 F.3d at 349 & n.16 (citing *United States v. Smith*, 930 F.2d 1081, 1086 (5th Cir. 1991)).

[18] *Id.* at 349.

[19] *See, e.g.*, *Houston*, 364 F.3d at 248 (emphasizing the fact that the gun was not in plain view as a factor weighing against a finding of constructive possession); *United States v. Fields*, 72 F.3d 1200, 1212 (5th Cir. 1996) (holding the evidence sufficient to support a conviction for felon-in-possession when a shotgun was found in plain view, leaning against a wall next to a safe); *United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir. 1993) (holding the evidence insufficient to convict the defendant for possession of a firearm when "the weapon was not in plain view and there were no other circumstantial indicia that established that [the defendant] even knew of the weapon." (footnote omitted)).

No. 11-50404

supports a plausible inference that Fuentes had knowledge of and access to the gun found in the front bedroom. It was not clear error for the district court to find that the offense involved three weapons.

### III

Fuentes also argues that the statute under which he was convicted, 18 U.S.C. § 922(g)(1), which makes it illegal for a person previously convicted of a crime punishable by more than one year of imprisonment to possess in or affecting commerce a firearm, is beyond Congress's power under the Commerce Clause and is therefore unconstitutional. As Fuentes recognizes, his argument is squarely foreclosed by our precedent.[20] We therefore will not reverse Fuentes's conviction.

*       *       *

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[20] *De Leon*, 170 F.3d at 499 ("This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question."); *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996) ("[N]either the holding in *Lopez* nor the reasons given therefor constitutionally invalidate § 922(g)(1).").