**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2012

No. 11-40976
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROY CORNELL JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-167-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Roy Cornell Johnson was convicted, following a jury trial, of conspiracy to distribute or dispense or possess with intent to distribute or dispense 50 grams or more of cocaine base; two counts of possession with intent to distribute less than five grams of cocaine base; and possession with intent to distribute 50 grams or more of cocaine base. Johnson was sentenced to a total of 360 months of imprisonment and eight years of supervised release. He argues that the district court abused its discretion in admitting evidence of his "extraneous acts"

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the Government failed to file timely notice of its intent to do so or provide good cause for its failure. At issue was testimony from a confidential informant (CI) that Johnson sold crack cocaine to others prior to the conspiracy offense alleged in the superseding indictment.

Because Johnson raises this argument for the first time on appeal, review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135-36 (2009). As the Government asserts, after the district court issued its evidentiary ruling, the Government narrowed its questioning of the CI to illicit testimony regarding drug transactions that occurred only during the period charged in the indictment. As such, this court need not decide the propriety of the district court's earlier evidentiary ruling since evidence of transactions preceeding the charged conspiracy was not introduced. *See United States v. Garcia Abrego*, 141 F.3d 142, 175 (5th Cir. 1998); *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007); *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010). Accordingly, Johnson's challenge to the district court's evidentiary is unavailing.

Johnson contends that there was insufficient evidence to prove that he possessed the backpack containing crack cocaine recovered from Amanda Frank's closet, which was used by the Government to prove the 50 grams or more of cocaine base alleged in counts one and four of the superseding indictment. Because Johnson moved for a judgment of acquittal at the close of all the evidence, the issue is preserved for review. FED. R. CRIM. P. 29. Therefore, "the standard of review in assessing the sufficiency challenge is whether, considering all the evidence in the light most favorable to the verdict, a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt." *United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000).

The CI testified that Johnson had told her that he was "staying" with Frank, his girlfriend, and that he stored his drugs near "clothes in the closet." Frank testified that Johnson slept at her house on June 11, 2009, and then drove

her to work the next morning in her vehicle. Frank allowed Johnson to use her vehicle all day and did not see him until he picked her up at work at approximately 5:15 p.m. Frank stated that the backpack found in the closet did not belong to her and that she did not see it when she left for work on the morning of June 12, 2009, the day that the search warrant was executed.

The testimony of the above witnesses was sufficient for a reasonable jury to find that Johnson, a proven drug dealer, had knowledge of, and access to, the backpack containing the crack cocaine found in his girlfriend's closet. *See United States v. Brito*, 136 F.3d 397, 411 (5th Cir. 1998); *United States v. Hinojosa,* 349 F.3d 200, 204 (5th Cir. 2003). To the extent that Johnson challenges the sufficiency of the evidence by attacking the credibility of the Government's witnesses, his argument is without merit. *See United States v. Polk*, 56 F.3d 613, 620 (5th Cir. 1995). Viewing the evidence in favor of the verdict, there was sufficient evidence presented at trial to sustain Johnson's convictions. *See United States v. Resio-Trejo*, 45 F.3d 907, 911 (5th Cir. 1995). Accordingly, the judgment of the district court is AFFIRMED.