# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41473
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY JEROME SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CR-72-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Anthony Jerome Smith was convicted by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He argues that the trial evidence was insufficient to support his conviction because the government did not establish that he knowingly possessed a firearm. Smith preserved his challenge to the sufficiency of the evidence, so

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41473

our review is de novo.  *See United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007).

When the evidence and all reasonable inferences from it are viewed in the light most favorable to the jury's verdict, a rational jury could have found that there was sufficient evidence to establish that Smith constructively possessed a gun.  *See United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc); *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012); *United States v. McKnight*, 953 F.2d 898, 901 (5th Cir. 1992).  Although not dispositive because Smith was not the sole occupant of the home where the gun was found, the evidence established that he had a degree of dominion and control over the home.  *See United States v. Hinojosa*, 349 F.3d at 200, 203-04 (5th Cir. 2003); *United States v. De Leon*, 170 F.3d 494, 496 (5th Cir. 1999).  Smith was a regular resident at the home occupied by his occasional girlfriend, Keisha Douglas, her mother, and her child by Smith.  He occasionally lived there; he stayed there overnight for extended periods of time, including on the night before the gun was found; he kept personal items at the home and was seen there by officers; and he had mail in his name delivered to that home.  *See De Leon*, 170 F.3d at 496-97; *United States v. Ybarra*, 70 F.3d 362, 366 (5th Cir. 1995).

The evidence further supports the inference that Smith had the ability to exercise dominion or control over the gun.  *See De Leon*, 170 F.3d at 496. The jury could have reasonably inferred that, because the firearm was kept in a home that Smith often visited and occupied because of his close relationship with a person who lived there, he could access the gun easily.  *Cf. United States v. McKnight,* 953 F.2d 898, 903 (5th Cir. 1992) (approving use of jury instruction stating that dominion or control may be exercised directly or through another person).

2

No. 15-41473

The evidence also supports the inference that Smith was familiar with the gun and knew about its presence in the home. *See United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012). The gun was found in plain view in a place that was conveniently accessible and plainly visible to Smith. *See id.* at 421. There was no evidence to link Douglas or her mother to the gun, so the jury could have reasonably inferred that Smith – given the degree of his exercise of dominion over the home – knew about the gun and that its presence in the home was connected to him. *See Terrell*, 700 F.3d at 760.

Evidence recovered from cell phones seized from Smith further support the conclusion that he had knowledge of the gun and access to it. *See Meza*, 701 F.3d at 419. There was a photograph of a gun on Smith's cell phone, and it was determined to be the same gun that was found at Douglas's home. This is strong circumstantial evidence that Smith knew about the gun and controlled it even if, as he asserts, the picture does not prove that he actually possessed it. *See id.* at 421. Also, text messages recovered from Smith's cell phones reflect that Douglas (1)  advised Smith, without refutation, that she found his gun; (2) believed that he was "dumb" for having it despite a prior felony conviction; and (3) turned it over to police in retaliation for a domestic dispute with Smith. The messages further reflect that, on learning that Douglas gave the gun to police, Smith, who did not disavow the gun as his, criticized Douglas, calling her a "snitch," and expressed an understanding that he was subject to federal prosecution,  and likely conviction, because Douglas gave the gun to police.

Smith contends that the gun cannot be attributed to him because there was no evidence that he owned the firearm and that other people, especially Kevin Reeves, had access to Douglas's home. Ownership, however, is not necessary for constructive possession. *See United States v. Jones*, 133 F.3d

No. 15-41473

358, 362 (5th Cir. 1998); § 922(g)(1).  Smith's claim that Reeves was responsible for the gun was raised at trial, and the jury did not find that theory persuasive. We will not second-guess the jury's conclusion, s*ee United States v. Ramos-Garcia*, 184 F.3d 463, 466 (5th Cir. 1999), or deem the evidence to be insufficient simply because it fails to exclude every reasonable hypothesis of innocence or support every conclusion except that of guilt, *see United States v. Anderson*, 174 F.3d 515, 522 (5th Cir. 1999).

The judgment of the district court is AFFIRMED.