# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2018

Lyle W. Cayce
Clerk

No. 17-30276
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAMION HAMILTON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:16-CR-2-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Damion Hamilton appeals his conviction of felony possession of a firearm and ammunition. He contends that the evidence was insufficient to support his conviction because it did not establish that he knowingly possessed the firearm and ammunition that were in a locked gun safe located in the vehicle that he was operating at the time of his arrest. He also argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prosecutor improperly commented on his failure to call his girlfriend as a witness during his trial.

Our review of the preserved sufficiency of the evidence issue is de novo. *See United States v. Diaz*, 637 F.3d 592, 602 (5th Cir. 2011). Hamilton admitted prior to his arrest that he kept a firearm because of the car he drove. At the time of that admission and his arrest, he was driving the same black Cadillac, and DNA and fingerprint evidence on the firearm and ammunition that were found in a gun safe in the Cadillac indicated that Hamilton had actually possessed those items. Although there was no evidence introduced at trial indicating that Hamilton could unlock the gun safe and the Cadillac and firearm were registered to Hamilton's girlfriend, the jury could have plausibly inferred from the evidence that he had constructive possession of the firearm and ammunition. *See United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012); *cf. United States v. Hinojosa*, 349 F.3d 200, 202-04 (5th Cir. 2003); *United States v. Wright*, 24 F.3d 732, 735 (5th Cir. 1994).

"Improper comments by a prosecutor may constitute reversible error where the defendant's right to a fair trial is substantially affected." *United States v. Anchondo-Sandoval*, 910 F.2d 1234, 1237 (5th Cir. 1990). In this case, any prejudice resulting from the comments in question "were neutralized by the court's [curative] instruction" after the comments were made and by the court's reminder in the jury instructions that the Government had the burden of proof. *Id.* at 1238. Accordingly, Hamilton's conviction is AFFIRMED.