# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2022

Lyle W. Cayce
Clerk

No. 21-30624
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DALE WAYNE GREEN, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:20-CR-118-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Dale Wayne Green, Jr., was convicted after a jury trial for possession of a firearm by a felon and possession of cocaine with intent to distribute. He now appeals his conviction and sentence. He argues that there was

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

insufficient evidence to support his conviction and that the district court erred in imposing an above-guidelines sentence. We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 10, 2020, Dale Wayne Green, Jr., was indicted for possession of a firearm as a felon and with possession of cocaine with intent to distribute. His case proceeded to trial. At trial, the Government presented testimony from several officers involved in Green's arrest. First, the Government presented testimony from Sergeant Jack Miller, an officer who was surveilling the home address where Green was arrested. He began surveilling the home based on a confidential informant's tip that someone at the residence was selling narcotics out of a vehicle in front of the home. Sergeant Miller received a tip that someone named "Marco" was in front of the residence dealing drugs out of an SUV. Along with other officers, Sergeant Miller went to the residence in an unmarked police vehicle that was "very obvious[ly]" a police car.

Sergeant Miller testified at trial that he pulled up to the residence and observed five to six individuals in the yard. He said he noticed Green in particular because Green seemed to pay close attention to the car, then calmly stood up and dropped an item on the porch. Sergeant Miller then approached Green, patting him down along with the other individuals on the scene. When patting him down, Sergeant Miller found keys in Green's pocket and asked how he arrived at the house. Green explained his girlfriend dropped him off and, when asked about the keys in his pocket, said "Oh, she must be back." Sergeant Miller testified he then hit the lock button on the keys, causing the horn on a Nissan across the street to sound off. Greene attributed the car to his girlfriend, again stating that she must have returned. Sergeant Miller sought to contact her, but Green explained he did not have her phone number. Additionally, Sergeant Miller testified that he found

No. 21-30624

$276 dollars in Greene's pocket in small denominations. He testified that in his experience "street level dealers . . . have a large amount of cash in small denominations because they sell [narcotics] in small amounts."

After the pat-down, Sergeant Miller used a drug-sniffing dog on the scene to check if the Nissan gave off a narcotic odor. The dog alerted on the passenger side of the car. Green then allowed officers to search the car. Another officer, Sergeant John Witham, conducted the search. He discovered a loaded firearm in the center console along with a debit card with Green's name on it and an activation sticker still on the card. He then searched the trunk and discovered papers showing Green paid for service and insurance on the Nissan, an accident report and insurance paperwork indicating Green was the driver and owner of the car, and a fax Green sent. Sergeant Witham did not discover any drugs, drug paraphernalia, or drug residue during his search.

Sergeant Witham also testified that he discovered a bag of crack and powder cocaine at the foot of the porch. He testified he found the bag after approaching the residence and "notic[ing] a bunch of individuals around the yard area." He further testified that while at the house, he observed a scale on the trunk of a vehicle parked at the home.

Among Green's witnesses was his sister-in-law, Shmoyia Adams. She testified that Green drove a Nissan Altima and allowed others to use it; for example, she and her sister both used the car. She also explained that others would leave personal belongings in the car that did not belong to Green. Specifically, she testified on the day Greene was arrested, she saw her brother, Travarrius Adams, put a firearm in the arm rest, close the lid, and fail to take it out when he got out of the car on Harrison Street, the street where Greene was arrested.

The jury found Green guilty of both being a felon in possession of a firearm and possession of cocaine with intent to distribute. Green's presentence report ("PSR") calculated an advisory guidelines sentence range of 30 to 37 months of imprisonment. This calculation was based on an offense level of 18, as Green had a prior conviction for manslaughter. Aside from this conviction, the PSR also listed state and federal charges for drug and firearm possession from 2016 and 2017 that were later dismissed.

On appeal, Green argues that the evidence was insufficient to support the jury's determination that he knowingly possessed either a firearm or cocaine. He further contends that the district court committed procedural error when imposing his sentence because it considered unreliable information included in the PSR about prior charges that had been dismissed. He also asserts that his above-guidelines sentence of 40 months of imprisonment was substantively unreasonable because the district court placed too much weight on the information related to the dismissed charges and not enough weight on mitigating factors related to his personal history and characteristics.

Because Green preserved his challenges to the sufficiency of the evidence, we review these claims *de novo*. *See United States v. Jimenez-Elvirez*, 862 F.3d 527, 533 (5th Cir. 2017). We will affirm a jury verdict "if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict." *Id.* (citation omitted). The sufficiency standard "remains the same whether the evidence is direct or circumstantial." *United States v. Ibarra-Zelaya*, 465 F.3d 596, 602 (5th Cir. 2006).

Based on the evidence presented at trial, a reasonable jury could have concluded that the bag of drugs an officer found in front of the porch of a house was the same item another officer observed Green drop in front of the porch after police vehicles pulled up to the house. Thus, the evidence sufficiently supported the jury's verdict on the drug possession offense. *See United States v. Mata*, 491 F.3d 237, 242–44 (5th Cir. 2007).

A reasonable jury likewise could have determined that Green constructively possessed the firearm discovered in the closed center console of a vehicle parked within 30 yards of the house. The car contained multiple documents indicating that Green drove and paid for service and insurance for the car. His own witness admitted that it was primarily his car. An officer found keys to the car while patting Green down. Green then gave implausible answers when asked why he had the keys. Moreover, a credit card bearing Green's name was located in the center console along with the firearm. This evidence supports conclusions that Green had "dominion and control" over the vehicle and that he had knowledge of and access to the firearm. *See United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012) (quoting *United States v. Hinojosa*, 349 F.3d 200, 203–04 (5th Cir. 2012)). The jury was "free to disbelieve" Green's witness's testimony that she drove and parked the car in front of the house on the day of Green's arrest and that her brother left the gun in the vehicle. *Meza*, 701 F.3d at 420. For these reasons, the evidence sufficiently supported the jury's determination that Green knowingly possessed the firearm.

As for Green's claims about his sentence, we review Green's challenge to the procedural reasonableness of his sentence *de novo* and the district court's factual findings for clear error. *See United States v. Fields*, 932 F.3d 316, 320 (5th Cir. 2019). We review Green's substantive reasonableness claim for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

No. 21-30624

The PSR contained detailed factual recitations of the events and investigations leading to Green's prior arrests for the charges that were ultimately dismissed. This information was sufficiently reliable to allow the district court to consider the conduct underlying these charges at sentencing. *See Fields*, 932 F.3d at 320. Moreover, Green fails to demonstrate that the district court did not consider "a factor that should have received significant weight"; "give[] significant weight to an irrelevant or improper factor"; or make "a clear error of judgment in balancing the sentencing factors." *United States v. Fraga*, 704 F.3d 432, 440-41 (5th Cir. 2013) (quotation marks and citation omitted). Accordingly, he does not show that his sentence was procedurally or substantively unreasonable.

AFFIRMED.