# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50646

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HENRY DAVID WALKER, also known as Stalker,

Defendant-Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas

Before KING, JOLLY, and ELROD, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

Defendant-Appellant Henry David Walker appeals his conviction for possession of a firearm in furtherance of a drug-trafficking crime, to which he pleaded guilty without a plea agreement. Walker argues that the district court plainly erred when it accepted Walker's guilty plea because there was an inadequate factual basis for the conviction. We disagree and AFFIRM.

**I.**

Walker pleaded guilty without a plea agreement to conspiracy to possess with intent to distribute methamphetamine,[1] possession of a firearm in

---

[1] *See* 21 U.S.C. §§ 846, 841(a)(1).

No. 15-50646

furtherance of a drug-trafficking crime,[2] and possession of a firearm by a convicted felon.[3]    At the re-arraignment hearing, Walker admitted to possessing the multiple firearms specified by the government in the charge and admitted to possessing those firearms in furtherance of the drug trafficking crime of conspiracy to possess with intent to distribute methamphetamine. The government thereafter supplied a factual basis for the plea.    The government stated that through authorized interception of wire and electronic communications, agents learned that Walker was a methamphetamine supplier in the charged conspiracy.    Agents eventually arrested Walker and thereafter searched his residence, seizing approximately nine firearms and approximately a pound of methamphetamine that was ninety-six percent pure. The investigation also revealed that Walker at the time was a convicted felon who was prohibited from possessing a firearm.

Walker admitted to these facts and pleaded guilty to the three counts. The district court sentenced Walker to concurrent terms of 151 months' imprisonment for the conspiracy and felon-in-possession charges and an additional mandatory 60-month sentence, to be served consecutively, for possession of a firearm in furtherance of a drug-trafficking crime. Walker now appeals only the conviction for possession of a firearm in furtherance of a drug-trafficking crime, arguing that the factual basis was insufficient to prove that he possessed the firearms "in furtherance" of a drug-trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A).

## II.

Because Walker did not raise in the district court a challenge to the adequacy of the factual basis, we review for plain error. *United States v.*

---

[2] *See* 18 U.S.C. § 924(c)(1)(A).
[3] *See* 18 U.S.C. §§ 922(g), 924(a)(2).

No. 15-50646

*Marek*, 238 F.3d 310, 315 (5th Cir. 2001). Plain error review "requires the appellant to show (1) there is an error, (2) that is clear and obvious, and (3) that affects his substantial rights." *Id.* Even if these three requirements are met, "the decision to correct the forfeited error still lies within our sound discretion, which we will not exercise unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

### III.

To determine if the district court erred in accepting Walker's guilty plea,[4] we compare the elements in 18 U.S.C. § 924(c)(1)(A) to the facts admitted by Walker, as set forth in the factual basis for the guilty plea. *See Marek*, 238 F.3d at 315.

Section 924(c)(1)(A) provides an additional penalty for the possession of a firearm "in furtherance" of a drug-trafficking crime.[5] *See United States v. Palmer*, 456 F.3d 484, 489–90 (5th Cir. 2006). In *United States v. Ceballos-Torres*, 218 F.3d 409, 410–11 (5th Cir. 2000), we held that for § 924(c)(1)(A) purposes, "possession of a firearm is 'in furtherance' of the drug trafficking offense when it furthers, advances, or helps forward that offense." *Palmer*, 456 F.3d at 489–90 (internal quotation marks omitted). The mere presence of a

---

[4] *See United States v. Adams*, 961 F.2d 505, 508 (5th Cir. 1992) ("A guilty plea is insufficient in itself to support a criminal conviction. . . . The sentencing court must satisfy itself, through an inquiry of the defendant or examination of the relevant materials in the record, that an adequate factual basis exists for the elements of the offense."); Fed. R. Crim. P. 11(b)(3).

[5] The relevant text of the statute is as follows:

(c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . ., uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--

(i) be sentenced to a term of imprisonment of not less than 5 years . . . .

18 U.S.C. § 924(c)(1)(A)(i).

firearm, without more, is not enough. *Id.* at 490; *Ceballos-Torres*, 218 F.3d at 414.

There are several factors that are helpful to determining whether the possession of a firearm was "in furtherance" of a drug-trafficking crime:

> the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found.

*Palmer*, 456 F.3d at 490 (citing *Ceballos-Torres*, 218 F.3d at 414–15).   In *Ceballos-Torres*, we affirmed the defendant's conviction in light of these factors, noting that: (1) the "weapon was loaded and easily accessible in Ceballos's apartment"; (2) Ceballos confessed to ownership of the firearm; (3) the firearm was possessed illegally; and (4) the firearm "was possessed in the apartment along with a substantial amount of drugs and money."  *Ceballos-Torres*, 218 F.3d at 415.   Those factors, when taken together, reasonably supported that Ceballos's gun protected his drugs and money against robbery, which, we held, was an example of possessing a firearm "in furtherance" of a drug-trafficking crime.  *Id.*

In *Palmer*, we reversed the defendant's conviction in light of these same factors, noting that (1) the gun "was locked in a safe, and was not loaded"; (2) none of the ammunition in the house matched the gun; (3) the defendant claimed he purchased the gun only to protect himself; (4) the defendant stated that he secured the gun in a safe to keep kids from accessing the gun; and (5) the defendant, on multiple occasions, denied that the gun was used in relation to drug trafficking.  456 F.3d at 490.

Walker argues that the *Ceballos-Torres* factors do not support a finding that he possessed a firearm "in furtherance" of a drug-trafficking crime because there was no evidence of the proximity of the firearms to the drugs,

the accessibility of the firearms, whether the firearms were loaded, or whether there was ammunition or any other evidence found in the house linking the firearms to the methamphetamine conspiracy. We are not persuaded. The factual basis need not provide evidence for every one of the *Ceballos-Torres* factors for a court to conclude that the defendant possessed a firearm in furtherance of a drug-trafficking crime. *See, e.g.*, *Ceballos-Torres*, 218 F.3d at 414–15 (noting that the listed factors are examples of factors that a court "might include" in its analysis to "help" determine whether possession of a firearm was in furtherance of a drug-trafficking crime); *id.* at 415 (concluding that the firearm was possessed in furtherance of a drug-trafficking crime when there was evidence relevant to some, but not all, of the factors); *United States v. Charles*, 469 F.3d 402, 406–07 (5th Cir. 2006) (affirming jury-trial conviction for possession of firearm in furtherance of drug-trafficking offense based on some, but not all, of the factors).

Here, the facts are closer to those in *Ceballos-Torres* than in *Palmer*. Like in *Ceballos-Torres*, Walker possessed the firearms in his residence along with a substantial amount of drugs—approximately a pound of methamphetamine that was ninety-six percent pure. *See* 218 F.3d at 415. The factual basis also established that, as in *Ceballos-Torres*, Walker's possession of the firearms was illegal because Walker was a convicted felon at the time. *See id.* In light of these facts, as well as the number and type of firearms seized from Walker's residence[6] combined with the fact that Walker was a methamphetamine supplier with a large amount of methamphetamine at his

---

[6] Approximately nine firearms were found at Walker's residence, including a 32-caliber firearm, a 22-caliber rifle with a BSA scope, another 22-caliber rifle, two 20-gauge shotguns, a Smith & Wesson 38 Special revolver, a 22-caliber revolver, and a 9-millimeter semiautomatic firearm. In contrast, the defendant in *Ceballos-Torres* possessed only a single gun. 218 F.3d at 415.

residence, we cannot say that the district court's acceptance of Walker's guilty plea was "clear" error.[7] *See Marek*, 238 F.3d at 315; *Ceballos-Torres*, 218 F.3d at 415.[8]

AFFIRMED.

---

[7] *See also, e.g.*, *Charles*, 469 F.3d at 406–07 (affirming jury-trial conviction for possession of firearm in furtherance of drug-trafficking offense when a disassembled semi-automatic pistol that "could have been made ready for use in short order" was found in a storage unit within close proximity to over 400 grams of crack cocaine and was possessed illegally because the defendant was a convicted felon); *United States v. Riggins*, 524 F. App'x 123, 130–31 (5th Cir. 2013) (affirming jury-trial conviction for possession of firearm in furtherance of drug-trafficking offense when there was a "substantial amount" of cocaine at the house; none of the firearms were antiques mounted on the wall or similarly benign; the firearms were possessed illegally because Riggins was a convicted felon at the time; nothing in the time or circumstances under which the firearms were found indicated that Riggins may have had a legitimate purpose for possessing the firearms unrelated to drug trafficking; and the firearms were found "as a result of a search warrant based on illegal drug activity").

[8] Because the factual basis for Walker's guilty plea was sufficient, we need not address the government's alternative argument that other evidence showing that Walker exchanged firearms for methamphetamine constitutes possession in furtherance of a drug-trafficking crime.