# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11173
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LAMONNE OSHE IVORY,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-15-1

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Lamonne Oshe Ivory challenges his jury-trial conviction and sentence of, *inter alia*, 131-months' imprisonment for: being a felon in possession of a firearm (count one), in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); conspiracy to possess a controlled substance, with intent to distribute (count two), in violation of 21 U.S.C. § 846; two counts of possession of a controlled substance, with intent to distribute (counts three and four), in violation of 21

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

U.S.C. § 841(a)(1), (b)(1)(C); and possession of a firearm in relation to a drug-trafficking crime (count five), in violation of § 924(c)(1)(A).  He contends:  the evidence was insufficient to convict him of counts one and five (related to firearm-possession); the Confrontation Clause should have barred the admission of Ivory's incoming text messages; the district court abused its discretion by failing to include Ivory's requested language in the response to the jury's questions; and the court abused its discretion by considering past unadjudicated offenses in sentencing and by sentencing Ivory to a higher sentence than his co-conspirator.

In claiming the evidence was insufficient to convict him of counts one and five, Ivory timely made, and renewed, a motion for judgment of acquittal at trial.  *See* Fed. R. Crim. P. 29(a).  Therefore, his claims challenging the sufficiency of the evidence are reviewed *de novo*.  Viewing the evidence in the requisite light most favorable to the Government, our court considers whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt".  *United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013) (emphasis in original) (internal quotation marks and citations omitted).

With respect to both convictions, which relate to firearm-possession, Ivory challenges the sufficiency of the evidence of possession.  Possession of a firearm may be actual or constructive, and it may be proved by circumstantial evidence.  *United States v. De Leon*, 170 F.3d 494, 496 (5th Cir. 1999).  "Constructive possession" may be found if the defendant had either "ownership, dominion or control over [the] illegal item itself", or "dominion or control over the premises in which the item is found".  *See id.* (citation omitted); *see also United States v. Hinojosa*, 349 F.3d 200, 203 (5th Cir. 2003).  In cases of joint occupancy, as in this instance, our court "will find constructive possession only when there is 'some evidence supporting at least a plausible

inference that the defendant had knowledge of and access to' the illegal item". *Hinojosa*, 349 F.3d at 204 (quoting *United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir. 1993)).

The evidence showed Ivory resided in the place in which the firearm was discovered. *See United States v. Patterson*, 431 F.3d 832, 837 (5th Cir. 2005). Additionally, the evidence demonstrated the firearms were in plain view, and Ivory admitted knowledge of at least one firearm's presence. *See United States v. Fields*, 72 F.3d 1200, 1212 (5th Cir. 1996). Therefore, the evidence supports a plausible inference that Ivory knew of, and had access to, the firearms. *See Hinojosa*, 349 F.3d at 203–04.

For Ivory's challenge to the sufficiency of the evidence regarding whether he possessed a firearm in furtherance of the drug-trafficking offenses, relevant factors in determining if the possession was "in furtherance" of such an offense include:  the type of drug activity; the type of firearm; the accessibility of the firearm; the proximity of the firearm to drugs or drug profits; whether the firearm was loaded; whether the firearm was stolen; the legality *vel non* of the possession of the firearm; and the time and circumstances under which the firearm was found. *United States v. Suarez*, 879 F.3d 626, 632 (5th Cir. 2018).

Police officers found the firearms in close proximity to heroin, cocaine, and marijuana, along with cash and a digital scale. *See United States v. Walker*, 828 F.3d 352, 355–56 (5th Cir. 2016); *United States v. Ceballos-Torres*, 218 F.3d 409, 415 (5th Cir. 2000). Both firearms at issue were handguns, which are commonly used in drug trafficking. *See United States v. Zamora*, 661 F.3d 200, 211 (5th Cir. 2011). One was loaded, and officers also found ammunition in the vicinity. Because Ivory was a felon, he possessed the firearms illegally. Moreover, one firearm was reported stolen. The firearms were discovered while officers executed a search warrant on a residence used

to distribute narcotics.  Therefore, the evidence was sufficient to show Ivory possessed firearms in furtherance of a drug-trafficking offense.  *See Chon*, 713 F.3d at 818.

As raised at trial, Ivory contends the admission of his incoming text messages violated the Confrontation Clause.  He concedes, however, that the text messages were not testimonial, s*ee Crawford v. Washington*, 541 U.S. 36, 51 (2004), but raises the issue to preserve it for possible future review.  There is no indication the messages were primarily intended to be used in a criminal prosecution; rather, they facilitated the sale and purchase of drugs.  *Cf. United States v. Towns*, 718 F.3d 404, 410–11 (5th Cir. 2013).  Accordingly, pursuant to our *de novo* review, *United States v. Polidore*, 690 F.3d 705, 710 (5th Cir. 2012), the court did not err by overruling Ivory's Confrontation Clause objections.

For the final issue concerning his convictions, Ivory contends the court should have responded to the jury's question regarding the definition of possession by instructing the jury that the mere presence of a firearm and defendant's knowledge of its presence were insufficient to show possession.  Our court reviews for abuse of discretion challenges to a district court's responses to jury notes.  *See United States v. Daniels*, 281 F.3d 168, 183 (5th Cir. 2002).  A district court generally does not err by giving an instruction that tracks this circuit's pattern jury instructions, and is a correct statement of the law.  *United States v. Richardson*, 676 F.3d 491, 507 (5th Cir. 2012).

The jury asked whether knowledge of the presence of the firearms constituted possession.  In response, the district court provided the fifth circuit pattern jury instruction's definitions of actual and constructive possession, as well as sole and joint possession.  *See* Pattern Crim. Jury Instr. 5th Cir. 1.31 (2015).  This was a correct statement of the law, and it informed the jury of the

elements needed to prove constructive possession. *See De Leon*, 170 F.3d at 496. Therefore, Ivory has not shown the court abused its discretion in instructing the jury on the law of constructive possession. *See Richardson*, 676 F.3d at 507; *Daniels*, 281 F.3d at 183.

Regarding sentencing, Ivory contends the court relied on "erroneous information or assumptions" by considering the presentence investigation report's (PSR) description of uncharged criminal conduct, which did not receive criminal-history points. Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed de novo; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

To the extent Ivory challenges the procedural reasonableness of his sentence, our review is only for plain error because he did not object on this basis in district court. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Ivory must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

"It is well-established that prior criminal conduct not resulting in a conviction may be considered by the sentencing judge." *United States v. Lopez-*

*Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).  A district court "may adopt the facts contained in a PSR "further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable".  *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (alteration, internal quotation marks, and citation omitted).  And, it "may properly find sufficient reliability on a [PSR] which is based on the results of a police investigation".  *United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014) (internal quotation marks and citations omitted).  On the other hand, a district court is not permitted to rely on a bare arrest record that refers only to the fact of an arrest and does not include information concerning the facts and circumstances of the conduct resulting in defendant's arrest.  *United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013).

The PSR did not rely on a bare arrest record.  Ivory did not object to the inclusion of the other criminal offenses, and did not rebut the information in the PSR by showing it was unreliable.  *See Harris*, 702 F.3d at 230.  Accordingly, the court did not err by adopting the PSR without further inquiry, and by considering the offenses described in the PSR when deciding Ivory's sentence.  *See id.*

To the extent he contends his sentence is substantively unreasonable, our review is for abuse of discretion because Ivory properly objected in district court.  *See Gall*, 552 U.S. at 51.  Ivory claims the court abused its discretion by imposing a sentence unreasonably disparate from that of his co-conspirator.  As noted, the reasonableness of a sentence is reviewed for abuse of discretion.  *See Gall*, 552 U.S. at 46.

In reviewing a substantive-reasonableness challenge, our court "applies a rebuttable presumption of reasonableness to a properly calculated, within-

[G]uidelines sentence, such as" Ivory's. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.*; *see* 18 U.S.C. § 3553(a). Section 3553(a)(6) instructs the district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct".

Ivory has not demonstrated he and his co-conspirator were similarly situated. *See Cisneros-Gutierrez*, 517 F.3d at 767. Therefore, the court did not abuse its discretion by failing to consider disparities in the sentences of similarly-situated offenders. *See Gall*, 552 U.S. at 46.

AFFIRMED.