# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2019

Lyle W. Cayce
Clerk

No. 18-50462
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ROSS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-243-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Carlos Ross pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and distribute 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  On appeal, Ross challenges the sufficiency of the factual basis supporting his guilty plea for his firearm conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50462

Because Ross did not object to the sufficiency of the factual basis in the district court, our review is for plain error. *See United States v. Walker*, 828 F.3d 352, 354 (5th Cir. 2016). To prevail on plain error review, Ross must "show (1) there is an error, (2) that is clear and obvious, and (3) that affects his substantial rights." *Id.* (internal quotation marks and citation omitted). "Even if these three requirements are met, the decision to correct the forfeited error still lies within our sound discretion, which we will not exercise unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

A defendant is deemed to possess a firearm "in furtherance of the drug trafficking offense when it furthers, advances, or helps forward that offense." *United States v. Ceballos-Torres*, 218 F.3d 409, 410-11 (5th Cir. 2000). The evidence showed that while executing a warrant to search Ross's home, law enforcement found a Springfield XD .40 caliber semi-automatic pistol under a mattress in the master bedroom; drugs and drug paraphernalia were found in a safe in the closet of the master bedroom and in other areas of his home; he sold drugs from his home; and he could not legally possess the firearm because he was a convicted felon. On these facts, Ross has not demonstrated clear or obvious error regarding the district court's acceptance of the factual basis supporting his guilty plea for his firearm conviction. *See Walker*, 828 F.3d at 354. Accordingly, his conviction is affirmed.

Ross also asserts that the district court erred in determining the quantity of cocaine base attributable to him for purposes of calculating his base offense level under U.S.S.G. § 2D1.1. The Government contends that Ross's sentencing challenge is barred by the appeal waiver in his plea agreement. We review "de novo whether an appeal waiver bars an appeal." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). The record reflects that Ross's appeal

No. 18-50462

waiver was knowing and voluntary. *See United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011); *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Furthermore, according to its plain language, the waiver applies to Ross's appeal of his sentence. *See Jacobs*, 635 F.3d at 781; *Bond*, 414 F.3d at 544. Because the appeal waiver precludes review of Ross's sentence, his appeal is dismissed in part. Counsel for Ross is cautioned that pursuing an appeal contrary to a valid waiver and without responding to the Government's invocation of the waiver is a needless waste of judicial resources that could result in sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).

AFFIRMED IN PART; DISMISSED IN PART; SANCTION WARNING ISSUED.