# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2020

Lyle W. Cayce
Clerk

No. 19-30042
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROLAND CHAMBERS, also known as Troy Chambers,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CR-47-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Roland Chambers pleaded guilty to conspiring to distribute, and to possess with intent to distribute, 100 grams or more of heroin, and he was sentenced to a 115-month term of imprisonment. In his plea agreement, Chambers broadly waived the right to appeal his guilty plea, conviction, and sentence, reserving only the right to bring an appeal of a sentence imposed in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

excess of the statutory maximum and the right to raise an ineffective assistance claim in an appropriate proceeding.

On appeal, Chambers contends that there was not an adequate factual basis for his conviction.  This claim is not barred by the appeal waiver provision.  *See United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir. 2008).

However, because he did not object to the sufficiency of the factual basis in the district court, review is for plain error.  *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).  To prevail on plain error review, Chambers must "show (1) there is an error, (2) that is clear and obvious, and (3) that affects his substantial rights."  *United States v. Walker*, 828 F.3d 352, 354 (5th Cir. 2016) (internal quotation marks and citation omitted).  "Even if these three requirements are met, the decision to correct the forfeited error still lies within our sound discretion, which we will not exercise unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citation omitted).

In assessing the sufficiency of the factual basis on plain error review, we "may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction."  *Trejo*, 610 F.3d at 313.  We may consider, among other things, "the facts gleaned from the plea agreement and plea colloquy, the factual findings relied upon in the presentence report ('PSR'), as well as 'fairly drawn' inferences from the evidence presented both post-plea and at the sentencing hearing."  *Id.* at 317.

Here, Chambers's admission that he sometimes fronted heroin to others is strong evidence of participation in a conspiracy.  *See United States v. Posada-Rios*, 158 F.3d 832, 860 (5th Cir. 1998).  We reject the contention that the factual basis is insufficient because it only describes a buyer-seller relationship, *see United States v. Delgado*, 672 F.3d 320, 333 (5th Cir. 2012),

as the record establishes that Chambers knowingly participated in a plan to distribute heroin through at least two individuals.  To the extent that Chambers argues that these individuals, referred to in the record as "the white boy" and the "other dude," were not part of the same conspiracy, there is no clear and obvious error as the record shows that Chambers was conspiring with both of them to distribute heroin, and "it is not necessary for all coconspirators to know each other or to work together on every phase of the criminal venture." *United States v. Wilson*, 657 F.2d 755, 759 (5th Cir. 1981).  Taking into account the two-ounce (56.7 gram) quantity of heroin "the white boy" possessed when he was arrested, and fairly drawing factual inferences from Chambers's conversation with a confidential source regarding profit-yielding transfers of heroin to these two individuals, there is no clear and obvious error in the district court's determination that there was a sufficient factual basis for Chambers's guilty plea to the charge of conspiring to distribute, or possess with intent to distribute, 100 grams or more of heroin.  *See Trejo*, 610 F.3d at 313.[1]

The Government correctly contends that Chambers's challenge to application of an enhancement under U.S.S.G. § 3C1.2 is barred by the appeal waiver provision of the plea agreement.  *See United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).  Chambers's contention that his appeal waiver was not knowing because he could not have known his sentence, and any errors that may have contributed to it, at the time of his guilty plea, is, as he acknowledges, foreclosed.  *See United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992).  Accordingly, Chambers's sentencing claim is dismissed.

The conviction is AFFIRMED, and the appeal is DISMISSED in part due to the waiver of the right to appeal the sentence.

---

[1] In assessing the sufficiency of the factual basis, we do not rely on Chambers's heroin transactions with the confidential source who was working with law enforcement authorities. *See Sears v. United States*, 343 F.2d 139, 142 (5th Cir. 1965).