# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2022

Lyle W. Cayce
Clerk

No. 20-40688

United States of America,

*Plaintiff—Appellee*,

*versus*

Ahmed Ibrahim Dige,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CR-1792-1

Before Dennis, Elrod, and Duncan, *Circuit Judges*.

Per Curiam:*

Ahmed Dige pleaded guilty to enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. §§ 2422(b), 2427. He now appeals the district court's acceptance of his guilty plea based on three grounds: (1) the indictment was defective because it failed to give him adequate notice of the charge against him; (2) there was no factual basis in the record to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40688

support his guilty plea; and (3) his guilty plea was involuntary (and therefore constitutionally invalid) under Rule 11 of the Federal Rules of Criminal Procedure because the district court failed to inform him of the essential elements of the charged offense. We conclude that he cannot prevail under the appropriate standard of review.

Because Dige failed to object in the district court as to any of the issues raised on appeal, we review for plain error. *See United States v. Fairley*, 880 F.3d 198, 206 (5th Cir. 2018) (reviewing an unpreserved indictment sufficiency claim for plain error); *United States v. Walker*, 828 F.3d 352, 354 (5th Cir. 2016) (reviewing an unpreserved factual sufficiency claim for plain error); *United States v. Vonn*, 535 U.S. 55, 58–59 (2002) (reviewing an unpreserved Rule 11 claim for plain error). To prevail under plain error review, a party must establish: (1) "an error" that is (2) "clear and obvious" and (3) affects the claimant's "substantial rights." *Walker*, 828 F.3d at 354 (quotation omitted). Even if a claimant satisfies these three requirements, we still have the "discretion" to correct the error and will only do so if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted). Importantly, a "lack of binding authority is often dispositive in the plain-error context." *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015).

Dige's arguments, although technically distinct, are all based on his contention that § 2422(b) necessarily incorporates 18 U.S.C. § 2251(a), a specific intent offense for the production of child pornography.[1] Specifically,

---

[1] Under § 2422(b), regarding coercion and enticement of a minor, the Government is required to prove that the defendant: (1) used a facility or means of interstate commerce to commit the offense, (2) with awareness that the person he communicated with was younger than eighteen, and (3) knowingly persuaded, induced, enticed, or coerced the minor (4) to engage in "any sexual activity for which any person can be charged with a criminal offense." *See United States v. Rounds*, 749 F.3d 326, 333 (5th Cir. 2014).

No. 20-40688

Dige argues that: (1) the indictment fails to include the essential elements for the production of child pornography, the criminal act addressed by § 2251(a); (2) the factual basis lacked support of specific intent, as required by § 2251(a); and (3) the district court was required to explain the essential elements of § 2251(a). However, neither Dige, nor the Government, cites to any binding precedent establishing this incorporation requirement (or lack thereof). Nor can we independently locate such authority.[2] Under the circumstances, we cannot say that the district court committed a clear or obvious error. *Gonzalez*, 792 F.3d at 538.

AFFIRMED.

---

Specifically, the term "sexual activity for which any person can be charged with a criminal offense" is defined in 18 U.S.C. § 2427 and includes "the production of child pornography." 18 U.S.C. § 2251(a) is a statute addressing child pornography.

[2] We observe that our caselaw, though not directly on point, suggests that it is unnecessary to establish all the elements of § 2251(a) for a conviction under § 2422(b). *See United States v. Hubbard*, 480 F.3d 341, 348 (5th Cir. 2007) (rejecting the notion that "Congress intended to import the elements of the offenses delineated in . . . sections of chapter 109A into § 2252A(b)(1) to define the state convictions that would cause the minimum sentence to apply").