# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 18, 2010

Lyle W. Cayce
Clerk

No. 09-60447
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCUS MELVIN, also known as Shabo,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:08-CR-28-7

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Marcus Melvin appeals from his sentence of 60 months of imprisonment following his conviction for conspiring to possess with intent to distribute more than five kilograms of cocaine hydrochloride. Melvin argues that the district court erred by imposing a U.S.S.G. § 4A1.1(d) enhancement because it found that he was serving a previously imposed term of probation at the time of the instant offense. Because Melvin did not object to the calculation of his criminal history category in the district court, we review for plain error. *See United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Alvarado-Santilano*, 434 F.3d 794, 795 (5th Cir. 2005). Whether a term of probation has expired at the time that a conspiracy began is an issue of fact. *United States v. Ingles*, 445 F.3d 830, 839-40 (5th Cir. 2006)(reviewing the issue for clear error). Because the district court could have resolved this issue upon objection at sentencing, we cannot find plain error. *See United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001). In any event, because the conspiracy commenced in March 2007 and because the probationary period at issue did not end until June 2007, the district court did not err, either plainly or clearly, by imposing the enhancement. *See Ingles*, 445 F.3d at 840. Given that, pursuant to § 4A1.1(d), Melvin was properly assessed at least two criminal history points, the district court did not err by denying Melvin a safety valve adjustment. *See* 18 U.S.C. § 3553(f)(1).

This court need not address Melvin's remaining arguments regarding the alleged miscalculation of his criminal history category or his contention that he deserved an offense level reduction pursuant to U.S.S.G. § 3B1.2. Because Melvin's guidelines range was determined by the 10-year statutory minimum, the alleged errors, even if proven, did not affect his guidelines range and were harmless. *See United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009). The record demonstrates that the district court properly regarded the guidelines range as the "initial benchmark" from which it departed. *Gall v. United States*, 552 U.S. 38, 49 (2007). The court indicated that it understood that the guidelines range was advisory and that it had considered the § 3553(a) factors as well as the U.S.S.G. § 5K1.1 factors in arriving at the appropriate sentence. Melvin, who did not object to his sentence, fails to show that the district court plainly erred by imposing a procedurally or substantively unreasonable sentence. *See Gall*, 552 U.S. at 51; *United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007).

AFFIRMED.