# United States Court of Appeals for the Fifth Circuit

---

No. 25-30327
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

YICHEN HE,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:24-CR-208-1

---

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Yichen He pleaded guilty to conspiring to distribute and possess with intent to distribute 100 kilograms or more of marijuana. That offense carries a mandatory minimum sentence of 60 months. *See* 28 U.S.C. § 841(b)(1)(B)(vii). At sentencing, however, He argued that the "safety valve" provision—18 U.S.C. § 3553(f)—allowed the district court to

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

disregard that mandatory minimum. *See Pulsifer v. United States*, 601 U.S. 124, 128 (2024) ("The safety-valve provision, 18 U.S.C. § 3553(f), offers some defendants convicted of drug offenses an escape from otherwise applicable mandatory minimums.").

The district court rejected that argument, concluding that He was ineligible for safety-valve relief because he possessed a firearm in connection with the offense. *See* 18 U.S.C. § 3553(f)(2). For the same reason, the court increased He's offense level by two levels under U.S.S.G. § 2D1.1(b)(1), yielding a Guidelines range of 46–57 months, which increased to 60 months because of the mandatory minimum. *See* U.S.S.G. § 5G1.1(b). The court therefore sentenced He to 60 months.

The sole issue on appeal is whether the district court clearly erred in finding that He possessed a firearm in connection with the offense. *See United States v. McElwee*, 646 F.3d 328, 345 (5th Cir. 2011) ("We review a sentencing court's decision whether to apply the safety valve for clear error."). It did not.

"Our case law makes clear that the burden is on the defendant to prove his eligibility for the safety valve reduction." *United States v. Moreno-Gonzalez*, 662 F.3d 369, 375 (5th Cir. 2011) (citing *United States v. Flanagan*, 80 F.3d 143, 146–47 (5th Cir. 1996)). He argues that the firearm was possessed exclusively by a codefendant, Hui He. But although "a defendant should not be denied the benefit of the safety valve because a conspirator possessed the firearm," a defendant remains ineligible if he constructively possessed a firearm actually possessed by a coconspirator. *United States v. Matias*, 465 F.3d 169, 172–73 (5th Cir. 2006).

The evidence indicates that He and Hui jointly occupied the home where the gun was found. "When a residence is jointly occupied," we apply "a more exacting standard" for constructive possession. *United States v.*

*Meza*, 701 F.3d 411, 419 (5th Cir. 2012). "[W]e will find constructive possession only when there is 'some evidence supporting at least a plausible inference that the defendant had [1] knowledge of and [2] access to'" the firearm. *United States v. Hinojosa*, 349 F.3d 200, 204 (5th Cir. 2003) (quoting *United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir. 1993)).

That evidence exists here. He listed the home where the firearm was found as his primary residence on his federal tax return for the preceding year. When agents searched the home, only He and a woman were present. Agents also found personal items belonging to He—including mail addressed to him, his checkbook, and an airline ticket—in the home. Agents also found the gun in plain view in an unlocked bedroom. Taken together, those facts support a plausible inference that He had knowledge of and access to the firearm.

He points to evidence that the firearms were owned by and registered to Hui. But that does not help his case: Section 3553(f)(2) requires "possess[ion]," not ownership. And "[o]wnership of the firearm is not requisite to proving possession." *United States v. Jones*, 133 F.3d 358, 362 (5th Cir. 1998) (per curiam). "What matters is not ownership, but access," *United States v. Menesses*, 962 F.2d 420, 429 (5th Cir. 1992), and Hui's ownership of the gun does not show that He lacked access to it.

Finally, He suggests that even if he is ineligible for safety-valve relief, it does not necessarily follow that the § 2D1.1(b)(1) enhancement applies. We need not address that contention because He received the statutory minimum sentence. Any error in calculating the appropriate Guidelines range was therefore harmless. *See, e.g.*, *United States v. Melvin*, 378 F. App'x 456, 457 (5th Cir. 2010) (per curiam).

No. 25-30327

\*      \*      \*

The district court did not clearly err in finding that He possessed a firearm in connection with the offense. Accordingly, we AFFIRM.